FILED
10/7/2025 2:20 PM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2025L012483
Calendar, C
34784244

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION**

MARGARET BRANER and JAMES BRANER,

      Plaintiff,

          v.

AMAZON.COM, INC.; and HONGXUNLLC,

      Defendants.

No. **2025L012483**

JURY DEMANDED

**COMPLAINT AT LAW**

NOW COME the Plaintiffs, MARGARET BRANER and JAMES BRANER, by and through thier attorneys, SMITH LACIEN LLP and hereby complaining of Defendants AMAZON.COM, INC, and HONGXUNLLC and/or others, pleading hypothetically and in the alternative states as follows:

**FACTUAL ALLEGATIONS**

1. On, before, and after November 1, 2023, and at all times material, Plaintiff, MARGARET BRANER was and is a resident of Will County, Illinois.

2. On, before, and after November 1, 2023, and at all times materials, Plaintiff, JAMES BRANER, was the lawful spouse of MARGARET BRANER, and a resident of Will County, Illinois.

3. On before, and after November 1, 2023, and at all times material, Defendant, AMAZON.COM INC. (hereinafter "AMAZON") was and is a corporation duly organized and existing under the laws of the state of Delaware with its principal place of business

Exhibit A

FILED DATE: 10/7/2025 2:20 PM    2025L012483

located in Seattle, King County, Washington, doing regular and continuous business in Cook County in the State of Illinois.

4. On, before, or about September 14, 2023, and at all times material, on information and belief Defendant HONGXUNLLC ("HONGXUN") was a corporation located in China, doing regular and continuous business in Cook County in the State of Illinois.

5. On, before, or about September 14, 2023, and at all times material, AMAZON owned, operated and controlled an online marketplace for consumers, amazon.com, also known as the Amazon marketplace – that includes listings for consumer products.

6. On, before, or about September 14, 2023, and at all times material, AMAZON owned, operated and controlled an e-commerce marketplace in which Amazon and other merchants can sell products to consumers through amazon.com.

7. On, before, or about September 14, 2023, and at all times material, HONGXUN was and is a Chinese company that develops, designs, manufactures, advertises, and/or sells electrically heated products including, but not limited to, the "Heated Insoles - Rechargeable Electric Foot Warmers- Unisex Wireless Warmth with Remote Control for Outdoor Activities- Hunting, Fishing, Hiking, Camping (S(Women 5.5-10, Men 4.5-8))." (hereinafter "INSOLES").

8. On, before, or about September 14, 2023, and at all times material, AMAZON was and is a company that develops, designs, manufactures, advertises, markets, distributes, and/or sells electrically heated products including, but not limited to, the INSOLES.

9. On, before, or about September 14, 2023, and at all times material, AMAZON exercised complete control of the products sold on its website, amazon.com by third party sellers.

2

10. On before, and after September 14, 2023, and at all times material, AMAZON required third-party sellers to register and/or apply to AMAZON in order to list products on AMAZON's website, amazon.com.

11. On, before, or about September 14, 2023, and at all times material, AMAZON controlled the registration and/or application process for third-party sellers.

12. On, before, or about September 14, 2023, and at all times material, AMAZON had complete control in determining if a third-party seller could list products on AMAZON's website, amazon.com

13. On, before, or about September 14, 2023, and at all times material, products offered for sale on amazon.com appear on webpages known as product listings and are identified by Amazon Standard Identification Numbers, or ASINs (hereinafter, "ASIN"), assigned by Amazon.

14. On, before, or about September 14, 2023, and at all times material, on information and belief, HONGXUN applied and/or registered to list its products as a seller on AMAZON's website.

15. On, before, or about, September 14, 2023, and at all times material, AMAZON approved and/or allowed HONGXUN to list its products on AMAZON's website as a seller.

16. On, before, or about September 14, 2023, and at all times material, Amazon accepted and/or approved HONGXUN 's INSOLES as a Registered Product to be sold on amazon.com.

17. On, before, or about September 14, 2023, and at all times material, Amazon assigned HONGXUN's INSOLES an ASIN and listed the INSOLES on its website, amazon.com.

18. On, before, or about September 14, 2023, and at all times material, HONGXUN was a seller on AMAZON.

3

19. On, before, or about September 14, 2023, and at all times material, AMAZON sold and advertised the INSOLES on its amazon.com website.

20. On, before, or about September 14, 2023, and at all times material, AMAZON sold and advertised the INSOLES on its amazon.com website and listed HONGXUN as the seller of the product.

21. On, before, or about September 14, 2023, and at all times material, AMAZON made the INSOLES available for purchase by consumers on amazon.com.

22. On, before, or about September 14, 2023, and at all times material, AMAZON placed the product into the stream of commerce by listing the product for sale on its website, amazon.com.

23. On, before, or about September 14, 2023, and at all times material, AMAZON marketed and attracted consumers to the INSOLES by listing them and making them available for purchase on amazon.com.

24. On, before, or about September 14, 2023, and at all times material, AMAZON controlled the product listings for the products that were assigned ASINs by AMAZON and offered for sale on amazon.com.

25. On, before, or about September 14, 2023, and at all times material, AMAZON controlled the content of the product listings for the products assigned ASINs by AMAZON and offered for sale on its website, amazon.com.

26. On, before, or about September 14, 2023, and at all times material, AMAZON controlled the purchase price of the INSOLES that were sold on amazon.com

27. On, before, or about September 14, 2023, and at all times material, AMAZON had control over any payment, return, refund, customer contact, customer interaction, customer question and/or complaint related to the INSOLES.

4

28. On, before, or about September 14, 2023, and at all times material, consumers purchased INSOLES from AMAZON by placing the product into their amazon.com shopping cart.

29. On, before, or about September 14, 2023, and at all times material, AMAZON charged consumers purchasing the INSOLES by charging the consumer's credit card or other payment information maintained by Amazon.

30. On, before, or about September 14, 2023, and at all times material, AMAZON received and processed the payments for INSOLES purchased from the amazon.com website

31. On, before, or about September 14, 2023, and at all times material, AMAZON had possession and control of the inventory of the INSOLES and maintained the inventory in one or more of AMAZON's fulfillment centers or warehouses.

32. On, before, or about September 14, 2023, and at all times material, upon purchase of INSOLES from amazon.com, AMAZON directed its employees and/or agents to retrieve the INSOLES from one or more of Amazon's fulfillment centers or warehouses.

33. On, before, or about September 14, 2023, and at all times material, and at all times material, AMAZON controlled the packaging and shipping of the INSOLES purchased from amazon.com and packaged and shipped the INSOLES in Amazon branded packaging.

34. On, before, or about September 14, 2023, and at all times material, AMAZON controlled the purchase of the INSOLES by consumers using the amazon.com website

35. On, before, or about September 14, 2023, and at all times material, AMAZON charged HONGXUN fees when the INSOLES were purchased from amazon.com.

36. On, before, or about September 14, 2023, and at all times material, AMAZON earned a profit from the sale of the INSOLES on AMAZON's website, including MARGARET BRANER'S purchase.

5

37. On, before, or about September 14, 2023, and at all times material, AMAZON was the seller of the INSOLES sold to consumers, including MARGARET BRANER.

38. On, before, or about September 14, 2023, and at all times material, AMAZON was a seller and sold, distributed, leased, assembled, produced, manufactured, fabricated, prepared, constructed, packaged, labeled, marketed, repaired, maintained, or otherwise was involved in placing the INSOLES in the stream of commerce to consumers, including MARGARET BRANER.

39. On, before, or about September 14, 2023, and at all times material, AMAZON knew or should have known that the INSOLES had caused injury, and could cause injury, including burns, to consumers who purchased the INSOLES from Amazon.com.

40. On, before, or about September 14, 2023, and at all times material, HONGXUN knew or should have known that the INSOLES had caused injury, and could cause injury, including burns, to consumers who purchased the INSOLES from Amazon.com.

41. On or around September 14, 2023, and at all times material, MARGARET BRANER purchased the INSOLES from AMAZON'S website, amazon.com.

42. On or around September 14, 2023, and at all times material, MARGARET BRANER placed the INSOLES in her Amazon shopping cart.

43. On or around September 14, 2023, and at all times material, MARGARET BRANER purchased the INSOLES from AMAZON using a payment source processed by AMAZON.

44. On or about September 15, 2023, and at all times material, AMAZON packaged the INSOLES in Amazon branded packaging.

45. On or about September 15, 2023, and at all times material, AMAZON shipped the INSOLES from an AMAZON warehouse or fulfillment center and/or other facility controlled by

AMAZON to the shipping address stored in MARGARET BRANER'S AMAZON ACCOUNT through AMAZON's free Prime Delivery.

46. On, about, or after September 15, 2023, and at all times material, MARGARET BRANER received the INSOLES in AMAZON branded packaging in substantially the same condition as when the INSOLES left AMAZON's warehouse.

47. On, about, or after September 15, 2023, and at all times material, MARGARET BRANER removed the insoles from the AMAZON branded packaging.

48. On, about, or after September 15, 2023, and at all times material, MARGARET BRANER, read the instruction manual/user instructions and at all times used the product as intended and in a reasonably foreseeable way.

49. On, about, or after September 15, 2023, and at all times material, the INSOLES and/or packaging did not identify the manufacturer of the INSOLES.

50. On November 1, 2023, and at all times material, MARGARET BRANER used the INSOLES as intended and in a reasonably foreseeable way by placing the INSOLES in her shoes/boots as intended.

51. On November 1, 2023, and at all times material, while using the INSOLES as intended, MARGARET BRANER felt an intense burning sensation in her left foot and smelled burning.

52. On November 1, 2023, and at all times material, MARGARET BRANER immediately removed her boot containing the INSOLE.

53. On or about November 1, 2023, and at all times material, the left INSOLE was burned, blackened, and smoking.

7

54. On or about November 1, 2023, and at all times material, MARGARET BRANER's left foot was burned/blistered and in extreme pain from the burning insole.

55. On or about November 1, 2023, and at all times material, MARGARET BRANER sought emergency medical treatment and was diagnosed with first and second degree burns to the sole, medial and lateral aspects of her left foot from the INSOLE.

56. MARGARET BRANER did not and could not discover the defect in the product until she was injured on November 1, 2023.

57. On and after November 1, 2023, and at all times material, MARGARET BRANER was permanently injured, required and continues to require medical treatment for her burns from the INSOLE, including surgeries, therapies, has and continues to have scarring and disfigurement, pain and suffering and loss of normal life.

## COUNT I
### (Negligence – Amazon)

1-57. Plaintiff incorporates and realleges paragraphs 1-57 as if fully stated herein.

58. On or before September 14, 2023, and at all times material, AMAZON was engaged in the business of, selling, marketing, advertising, recommending the use of, designing, manufacturing, and distributing products to the general public, included the "Heated Insoles - Rechargeable Electric Foot Warmers- Unisex  Wireless Warmth with Remote Control for Outdoor Activities- Hunting, Fishing, Hiking, Camping (S(Women 5.5-10, Men 4.5-8))."

59. On or before September 14, 2023, AMAZON sold, marketed, advertised, and/or distributed the INSOLES through AMAZON'S online platform.

60. On or before September 14, 2023, and at all times material, AMAZON owed a duty and continued to owe a duty to Plaintiff to:

8

FILED DATE: 10/7/2025 2:20 PM   2025L012483

a.  to use reasonable care in selling, marketing, advertising, designing, manufacturing, distributing and providing products in a fashion that was safe to consumers.

b.  to use reasonable care in marketing, advertising and/or labeling the product so as to reasonably warn consumers of the potential for danger.

c.  to reasonably apply knowledge and information from past incidents, complaints, studies, observations, reports, experience, or investigation to provide for the safety of consumers with respect to the products.

61. AMAZON was negligent and breached those duties in one or more of the following ways:

a.  Inadequate, defective and or dangerous design of the heating element.

b.  Inadequate defective and or dangerous design of the battery pack and holder.

c.  Inadequate defective and or dangerous design of the heat settings.

d.  Inadequate warnings about the temperature settings.

e.  Inadequate instructions to consumers on how to safely use the product.

f.  Inadequately, defectively and or dangerously designing product to produce excessively high temperatures, to overheat, to short out, to burn in a manner sufficient to cause burn injuries.

g.  Inadequately, defectively and or dangerously designing a product without a temperature limiting mechanism that would prevent excessively high temperatures, overheating, shorting out, and/or burning to prevent burn injuries.

h.  Inadequately, defectively and or dangerously designing a product without an automatic shut off to prevent burn injuries from exposure to the heating elements, excessively high temperatures, overheating, shorting out, and/or burning.

i.  failure to adequately warn and/or advise consumers of the maximum temperatures achieved at each setting.

j.  failure to adequately warn and/or advise consumers of the potential for burn injuries from exposure to the heating elements, excessively high temperatures, overheating, shorting out, and/or burning of the INSOLES.

k. failure to adequately warn and/or advise consumers of prior incidents of burns to consumers caused by the product.

l. Mispresenting materials facts regarding the product's health benefits and/or benefits to circulation.

m. Misrepresenting material facts regarding the temperature and/or temperature range the product was capable of reaching.

n. Failing to adequately investigate, test, and/or require testing and/or scientific proof of claims of the product's health benefits and/or benefits to circulation in order to verify the accuracy of any such claims.

o. Failing to timely and/or permanently suspend, halt and/or restrict the sale and/or listing of the product on its website.

62. On, before, and after September 14, 2023, AMAZON knew or reasonably should have known of the dangers associated with the product, which would not be obvious to the general public.

63. On, before, and after September 14, 2023, AMAZON knew or reasonably should have known that MARGARET BRANER, as a member of the general public for whose use the product was placed into interstate commerce, would be likely to use the product in the manner in which it was intended.

64. On, before, and after September 14, 2023, AMAZON knew or reasonably should have known of the danger associated with the reasonable and foreseeable use of the product which danger would not be obvious to the general public.

65. On or about November 1, 2023, MARGARET BRANER used the product for its intended purpose and in the manner with was intended.

66. As a direct and proximate result of one or more of the aforesaid wrongful acts and/or omissions of the Defendant AMAZON.COM, INC, MARGARET BRANER suffered significant and permanent injuries, including pain, suffering, loss of a normal life,

10

disability, disfigurement, will in the future endure pain and suffering, has become disabled and disfigured, has suffered the loss of the enjoyment of a normal life, has undergone and will undergo surgery, has been damaged in her capacity to earn a living and has incurred past and future medical expenses.

WHEREFORE, the Plaintiff, MARGARET BRANER, by and through her attorneys, SMITH LACIEN LLP, demands judgment against AMAZON.COM in an amount in excess of the jurisdictional amount of FIFTY THOUSAND DOLLARS ($50,000.00) which shall represent fair and just compensation.

## COUNT II

### (LOSS OF CONSORTIUM– AMAZON – Negligence)

67. Plaintiffs hereby incorporate by reference Paragraphs 1-66 of Count I of this Complaint as if fully set forth herein.

68. On or about November 1, 2023, and at all times material, JAMES BRANER was the spouse of MARGARET BRANER.

69. As a further proximate result of the foregoing, JAMES BRANER has suffered the loss of consortium of his spouse, MARGARET BRANER, including loss of support, society, services, companionship, happiness, and intimacy.

70. The damages sought in this cause of action exceed the jurisdictional limit of the Circuit Court of Cook County's Law Division. See Affidavit of Plaintiffs' counsel regarding damages sought in this action attached as Exhibit A.

WHEREFORE, Plaintiff JAMES BRANER, by and through his attorney, SMITH LACIEN LLP, demands judgment against the Defendant, AMAZON, in an amount in excess of the jurisdictional amount of FIFTY THOUSAND DOLLARS ($50,000.00) which shall represent fair and just compensation.

11

## COUNT III
### (Negligence – Hongxun)

1-57. Plaintiff incorporates and realleges paragraphs 1-57 of the general allegations of this complaint as if fully stated herein.

58. On or before September 14, 2023, and at all times material, HONGXUN was engaged in the business of, selling, marketing, advertising, recommending the use of, designing, manufacturing, and distributing products to the general public, included the "Heated Insoles - Rechargeable Electric Foot Warmers- Unisex  Wireless Warmth with Remote Control for Outdoor Activities- Hunting, Fishing, Hiking, Camping (S(Women 5.5-10, Men 4.5-8))."

59. On or before September 14, 2023, HONGXUN sold, marketed, advertised, and/or distributed the INSOLES through AMAZON'S online platform.

60. On or before September 14, 2023, and at all times material, HONGXUN owed a duty and continued to owe a duty to Plaintiff to:

   a. to use reasonable care in selling, marketing, advertising, designing, manufacturing, distributing and providing products in a fashion that was safe to consumers.

   b. to use reasonable care in marketing, advertising and/or labeling the product so as to reasonably warn consumers of the potential for danger.

   c. to reasonably apply knowledge and information from past incidents, complaints, studies, observations, reports, experience, or investigation to provide for the safety of consumers with respect to the products.

61. HONGXUN was negligent and breached those duties in one or more of the following ways:

12

FILED DATE: 10/7/2025 2:20 PM    2025L012483

a. Inadequate, defective and or dangerous design of the heating element.

b. Inadequate defective and or dangerous design of the battery pack and holder.

c. Inadequate defective and or dangerous design of the heat settings.

d. Inadequate warnings about the temperature settings.

e. Inadequate instructions to consumers on how to safely use the product.

f. Inadequately, defectively and or dangerously designing product to produce excessively high temperatures, to overheat, to short out, to burn in a manner sufficient to cause burn injuries.

g. Inadequately, defectively and or dangerously designing a product without a temperature limiting mechanism that would prevent excessively high temperatures, overheating, shorting out, and/or burning to prevent burn injuries.

h. Inadequately, defectively and or dangerously designing a product without an automatic shut off to prevent burn injuries from exposure to the heating elements, excessively high temperatures, overheating, shorting out, and/or burning.

i. failure to adequately warn and/or advise consumers of the maximum temperatures achieved at each setting.

j. failure to adequately warn and/or advise consumers of the potential for burn injuries from exposure to the heating elements, excessively high temperatures, overheating, shorting out, and/or burning of the INSOLES.

k. failure to adequately warn and/or advise consumers of prior incidents of burns to consumers caused by the product.

l. Mispresenting materials facts regarding the product's health benefits and/or benefits to circulation.

m. Misrepresenting material facts regarding the temperature and/or temperature range the product was capable of reaching.

n. Failing to adequately investigate, test, and/or require testing and/or scientific proof of claims of the product's health benefits and/or benefits to circulation in order to verify the accuracy of any such claims.

o. Failing to timely and/or permanently suspend, halt and/or restrict the sale and/or listing of the product on its website.

13

FILED DATE: 10/7/2025 2:20 PM    2025L012483

62. On, before, and after September 14, 2023, HONGXUN knew or reasonably should have known of the dangers associated with the product, which would not be obvious to the general public.

63. On, before, and after September 14, 2023, HONGXUN knew or reasonably should have known that MARGARET BRANER, as a member of the general public for whose use the product was placed into interstate commerce, would be likely to use the product in the manner in which it was intended.

64. On, before, and after September 14, 2023, HONGXUN knew or reasonably should have known of the danger associated with the reasonable and foreseeable use of the product which danger would not be obvious to the general public.

65. On or about November 1, 2023, MARGARET BRANER used the product for its intended purpose and in the manner with was intended.

66. As a direct and proximate result of one or more of the aforesaid wrongful acts and/or omissions of the Defendant HONGXUN, MARGARET BRANER suffered significant and permanent injuries, including pain, suffering, loss of a normal life, disability, disfigurement, will in the future endure pain and suffering, has become disabled and disfigured, has suffered the loss of the enjoyment of a normal life, has undergone and will undergo surgery, has been damaged in her capacity to earn a living and has incurred past and future medical expenses.

WHEREFORE, the Plaintiff, MARGARET BRANER, by and through her attorneys, SMITH LACIEN LLP, demands judgment against HONGXUN in an amount in excess of the jurisdictional amount of FIFTY THOUSAND DOLLARS ($50,000.00) which shall represent fair and just compensation.

14

## COUNT IV

### (LOSS OF CONSORTIUM– HONGXUN – Negligence)

67. Plaintiffs hereby incorporate by reference Paragraphs 1-66 of Count III of this Complaint as if fully set forth herein.

68. On or about November 1, 2023, and at all times material, JAMES BRANER was the spouse of MARGARET BRANER.

69. As a further proximate result of the foregoing, JAMES BRANER has suffered the loss of consortium of his spouse, MARGARET BRANER, including loss of support, society, services, companionship, happiness, and intimacy.

70. The damages sought in this cause of action exceed the jurisdictional limit of the Circuit Court of Cook County's Law Division. See Affidavit of Plaintiffs' counsel regarding damages sought in this action attached as Exhibit A.

WHEREFORE, Plaintiff JAMES BRANER, by and through his attorney, SMITH LACIEN LLP, demands judgment against the Defendant, HONGXUN, in an amount in excess of the jurisdictional amount of FIFTY THOUSAND DOLLARS ($50,000.00) which shall represent fair and just compensation.

## COUNT V
### (AMAZON - Negligent Misrepresentation)

1-57. Plaintiff incorporates by reference paragraphs 1-57 of the general allegations of this Complaint above as if fully set forth herein.

58. AMAZON, as the seller, marketer, advertiser, and distributor of the INSOLES had a duty to collect, investigate and disseminate accurate information about the use of the INSOLES to consumers, including to MARGARET BRANER.

59. AMAZON carelessly and negligently disseminated inaccurate representations about the INSOLES, and breached their duty in one or more of the following ways:

   a. failed to collect, investigate and disseminate accurate information regarding the use of INSOLES;
   b. failed to exercise ordinary care in the representations made or listed on their website concerning the INSOLES while they were involved in their manufacture, sale, marketing, adverting, and/or distribution in interstate commerce knowing that consumers with those condition would rely on those representations in purchasing and using the INSOLES.
   c. negligently misrepresented that the INSOLES were safe to wear in shoes or boots, engaging in cold weather activities, and/or for use by consumers suffering from poor circulation without performing any testing, collecting, or investigating if those representations were accurate.

60. Defendant knew or reasonably should have known that their misrepresentations, and/or omissions were material and that they were false, incomplete, misleading, deceptive, and deceitful when they were made.

61. Defendant made and/or allowed misrepresentations and/or omissions to remain on its website and/or product listing with the intention of having customers, including MARGARET BRANER, act on and/or rely upon such misrepresentations and/or omissions in purchasing the INSOLES.

62. MARGARET BRAINER reasonably relied upon the misrepresentations of the Defendants which induced her to purchase and/or use the INSOLES.

63. As a direct and proximate result of one or more of the aforesaid wrongful acts and/or omissions of the Defendant AMAZON, MARGARET BRANER suffered significant and permanent injuries, including pain, suffering, loss of a normal life, disability, disfigurement, will in the future endure pain and suffering, has become disabled and disfigured, has suffered the loss of the enjoyment of a normal life, has undergone and will

16

undergo surgery, has been damaged in her capacity to earn a living and has incurred past and future medical expenses.

WHEREFORE, the Plaintiff, MARGARET BRANER, by and through her attorneys, SMITH LACIEN LLP, demands judgment against AMAZON in an amount in excess of the jurisdictional amount of FIFTY THOUSAND DOLLARS ($50,000.00) which shall represent fair and just compensation.

## COUNT VI
(LOSS OF CONSORTIUM– AMAZON – Negligent Misrepresentation)

64. Plaintiffs hereby incorporate by reference Paragraphs 1-63 of Count V as if fully set forth herein.

65. On or about November 1, 2023, and at all times material, JAMES BRANER was the spouse of MARGARET BRANER.

66. As a further proximate result of the foregoing, JAMES BRANER has suffered the loss of consortium of his spouse, MARGARET BRANER, including loss of support, society, services, companionship, happiness, and intimacy.

67. The damages sought in this cause of action exceed the jurisdictional limit of the Circuit Court of Cook County's Law Division. See Affidavit of Plaintiffs' counsel regarding damages sought in this action attached as Exhibit A.

WHEREFORE, the Plaintiff JAMES BRANER, by and through his attorney, SMITH LACIEN LLP, demands judgment against the Defendant, AMAZON, in an amount in excess of the jurisdictional amount of FIFTY THOUSAND DOLLARS ($50,000.00) which shall represent fair and just compensation.

17

**COUNT VII**
(HONGXUN - Negligent Misrepresentation)

1-57.  Plaintiff incorporates by reference paragraphs 1-57 of the general allegations of this Complaint above as if fully set forth herein.

58. HONGXUN, as the seller, marketer, advertiser, and distributor of the INSOLES had a duty to collect, investigate and disseminate accurate information about the use of the INSOLES to consumers, including to MARGARET BRANER.

59. HONGXUN carelessly and negligently disseminated inaccurate representations about the INSOLES, and breached their duty in one or more of the following ways:

   a. failed to collect, investigate and disseminate accurate information regarding the use of INSOLES;
   b. failed to exercise ordinary care in the representations made or listed on their website concerning the INSOLES while they were involved in their manufacture, sale, marketing, adverting, and/or distribution in interstate commerce knowing that consumers with those condition would rely on those representations in purchasing and using the INSOLES.
   c. negligently misrepresented that the INSOLES were safe to wear in shoes or boots, engaging in cold weather activities, and/or for use by consumers suffering from poor circulation without performing any testing, collecting, or investigating if those representations were accurate.

60. Defendant knew or reasonably should have known that their misrepresentations, and/or omissions were material and that they were false, incomplete, misleading, deceptive, and deceitful when they were made.

61.  Defendant made and/or allowed misrepresentations and/or omissions to remain on its website and/or product listing with the intention of having customers, including MARGARET BRANER, act on and/or rely upon such misrepresentations and/or omissions in purchasing the INSOLES.

62.  MARGARET BRANER reasonably relied upon the misrepresentations of the Defendants which induced her to purchase and/or use the INSOLES.

18

63. As a direct and proximate result of one or more of the aforesaid wrongful acts and/or omissions of the Defendant HONGXUN, MARGARET BRANER suffered significant and permanent injuries, including pain, suffering, loss of a normal life, disability, disfigurement, will in the future endure pain and suffering, has become disabled and disfigured, has suffered the loss of the enjoyment of a normal life, has undergone and will undergo surgery, has been damaged in her capacity to earn a living and has incurred past and future medical expenses.

WHEREFORE, the Plaintiff, MARGARET BRANER, by and through her attorneys, SMITH LACIEN LLP, demands judgment against HONGXUN in an amount in excess of the jurisdictional amount of FIFTY THOUSAND DOLLARS ($50,000.00) which shall represent fair and just compensation.

## COUNT VIII

(LOSS OF CONSORTIUM– HONGXUN – Negligent Misrepresentation)

64. Plaintiffs hereby incorporate by reference Paragraphs 1-63 of Count VII as if fully set forth herein.

65. On or about November 1, 2023, and at all times material, JAMES BRANER was the spouse of MARGARET BRANER.

66. As a further proximate result of the foregoing, JAMES BRANER has suffered the loss of consortium of his spouse, MARGARET BRANER, including loss of support, society, services, companionship, happiness, and intimacy.

67. The damages sought in this cause of action exceed the jurisdictional limit of the Circuit Court of Cook County's Law Division. See Affidavit of Plaintiffs' counsel regarding damages sought in this action attached as Exhibit A.

WHEREFORE, the Plaintiff JAMES BRANER, by and through his attorney, SMITH LACIEN LLP, demands judgment against the Defendant, HONGXUN, in an amount in excess of the jurisdictional amount of FIFTY THOUSAND DOLLARS ($50,000.00) which shall represent fair and just compensation.

## COUNT IX

### (STRICT PRODUCT LIABILITY – AMAZON)

1-57. Plaintiff incorporates and realleges paragraphs 1-57 of the general allegations of this Complaint as if fully stated herein.

58. On or before September 14, 2023, and at all times material, AMAZON was engaged in the business of designing and manufacturing, for ultimate sale to members of the general public, insoles, including the "Heated Insoles - Rechargeable Electric Foot Warmers- Unisex Wireless Warmth with Remote Control for Outdoor Activities- Hunting, Fishing, Hiking, Camping (S(Women 5.5-10, Men 4.5-8))."

59. On or before November 1, 2023, AMAZON sold, marketed, advertised, and/or distributed the INSOLES through AMAZON'S online platform.

60. At the time the INSOLES left the possession of AMAZON, and at the time the INSOLES entered into the stream of commerce by way of AMAZON, they were in an unreasonably dangerous and defective condition including, but not limited to, the following:

    a. Inadequate, defective and or dangerous design of the heating element.
    b. Inadequate defective and or dangerous design of the battery pack and holder.
    c. Inadequate defective and or dangerous design of the heat settings.
    d. Inadequate warnings about the temperature settings.
    e. Inadequate instructions to consumers on how to safely use the product.

FILED DATE: 10/7/2025 2:20 PM   2025L012483

f.  Inadequately, defectively and or dangerously designing product to produce excessively high temperatures, to overheat, to short out, to burn in a manner sufficient to cause burn injuries.

g.  Inadequately, defectively and or dangerously designing a product without a temperature limiting mechanism that would prevent excessively high temperatures, overheating, shorting out, and/or burning to prevent burn injuries.

h.  Inadequately, defectively and or dangerously designing a product without an automatic shut off to prevent burn injuries from exposure to the heating elements, excessively high temperatures, overheating, shorting out, and/or burning.

i.  failure to adequately warn and/or advise consumers of the maximum temperatures achieved at each setting.

j.  failure to adequately warn and/or advise consumers of the potential for burn injuries from exposure to the heating elements, excessively high temperatures, overheating, shorting out, and/or burning of the INSOLES.

k.  failure to adequately warn and/or advise consumers of prior incidents of burns to consumers caused by the product.

l.  Mispresenting materials facts regarding the product's health benefits and/or benefits to circulation.

m.  Misrepresenting material facts regarding the temperature and/or temperature range the product was capable of reaching.

n.  Failing to adequately investigate, test, and/or require testing and/or scientific proof of claims of the product's health benefits and/or benefits to circulation in order to verify the accuracy of any such claims.

o.  Failing to timely and/or permanently suspend, halt and/or restrict the sale and/or listing of the product on its website.

61. As a direct and proximate result of one or more of these unreasonably dangerous and defective conditions, the INSOLES failed to perform as a consumer would reasonably expect them to perform when the product was being used in a normal and expected manner.

62. As a direct and proximate result of one or more of these unreasonably dangerous and defective conditions, the risk of using the INSOLES outweighed the utility or usefulness of the product.

63. AMAZON had a duty in designing, manufacturing, advertising, marketing and/or selling the INSOLES to make them reasonably safe for their intended and foreseeable uses, and to ascertain that the INSOLES were free from defects which would render them unsafe.

64. In a breach of its duty, AMAZON designed, manufactured, advertised, marketed and/or sold the INSOLES in a defective, unsafe, and unreasonably dangerous condition.

65. AMAZON is strictly liable for the injuries complained of herein by reason of having sold and placed into the stream of commerce the defective INSOLES, which were unreasonably dangerous to consumers.

66. As a direct and proximate result of one or more of the aforesaid wrongful acts and/or omissions of the Defendant AMAZON, MARGARET BRANER suffered significant catastrophic injuries, including pain, suffering, loss of a normal life, disability and disfigurement, will in the future endure pain and suffering, has become disabled and disfigured, has suffered the loss of the enjoyment of a normal life, has undergone and will undergo surgery, has been damaged in her capacity to earn a living and has incurred past and future medical expenses

WHEREFORE, Plaintiff MARGARET BRANER, by and through her attorneys, SMITH LACIEN LLP, demands judgment against the Defendant AMAZON in an amount in excess of Fifty Thousand Dollars which shall represent fair and just compensation.

## COUNT X
(LOSS OF CONSORTIUM– AMAZON– Strict Product Liability)

22

67. Plaintiffs hereby incorporate by reference Paragraphs 1-66 of Count IX as if fully set forth herein.

68. On or about November 11, 2023, and at all times material, JAMES BRANER was the spouse of MARGARET BRANER.

69. As a further proximate result of the foregoing, JAMES BRANER has suffered the loss of consortium of his spouse, MARGARET BRANER, including loss of support, society, services, companionship, happiness, and intimacy.

70. The damages sought in this cause of action exceed the jurisdictional limit of the Circuit Court of Cook County's Law Division. See Affidavit of Plaintiffs' counsel regarding damages sought in this action attached as Exhibit A.

WHEREFORE, the Plaintiff JAMES BRANER, by and through his attorney, SMITH LACIEN LLP, demands judgment against the Defendant, AMAZON, in an amount in excess of the jurisdictional amount of FIFTY THOUSAND DOLLARS ($50,000.00) which shall represent fair and just compensation.

## COUNT XI

### (STRICT PRODUCT LIABILITY – HONGXUN)

1-57. Plaintiff incorporates and realleges paragraphs 1-57 of the general allegations of this Complaint as if fully stated herein.

58. On or before September 14, 2023, and at all times material, HONGXUN was engaged in the business of designing and manufacturing, for ultimate sale to members of the general public, insoles, including the "Heated Insoles - Rechargeable Electric Foot Warmers- Unisex Wireless Warmth with Remote Control for Outdoor Activities- Hunting, Fishing, Hiking, Camping (S(Women 5.5-10, Men 4.5-8))."

23

59. On or before November 1, 2023, HONGXUN sold, marketed, advertised, and/or distributed the INSOLES through AMAZON'S online platform.

60. At the time the INSOLES left the possession of HONGXUN, and at the time the INSOLES entered into the stream of commerce by way of HONGXUN, they were in an unreasonably dangerous and defective condition including, but not limited to, the following:

    a. Inadequate, defective and or dangerous design of the heating element.

    b. Inadequate defective and or dangerous design of the battery pack and holder.

    c. Inadequate defective and or dangerous design of the heat settings.

    d. Inadequate warnings about the temperature settings.

    e. Inadequate instructions to consumers on how to safely use the product.

    f. Inadequately, defectively and or dangerously designing product to produce excessively high temperatures, to overheat, to short out, to burn in a manner sufficient to cause burn injuries.

    g. Inadequately, defectively and or dangerously designing a product without a temperature limiting mechanism that would prevent excessively high temperatures, overheating, shorting out, and/or burning to prevent burn injuries.

    h. Inadequately, defectively and or dangerously designing a product without an automatic shut off to prevent burn injuries from exposure to the heating elements, excessively high temperatures, overheating, shorting out, and/or burning.

    i. failure to adequately warn and/or advise consumers of the maximum temperatures achieved at each setting.

    j. failure to adequately warn and/or advise consumers of the potential for burn injuries from exposure to the heating elements, excessively high temperatures, overheating, shorting out, and/or burning of the INSOLES.

    k. failure to adequately warn and/or advise consumers of prior incidents of burns to consumers caused by the product.

    l. Mispresenting materials facts regarding the product's health benefits and/or benefits to circulation.

24

m. Misrepresenting material facts regarding the temperature and/or temperature range the product was capable of reaching.

n. Failing to adequately investigate, test, and/or require testing and/or scientific proof of claims of the product's health benefits and/or benefits to circulation in order to verify the accuracy of any such claims.

o. Failing to timely and/or permanently suspend, halt and/or restrict the sale and/or listing of the product on its website.

61. As a direct and proximate result of one or more of these unreasonably dangerous and defective conditions, the INSOLES failed to perform as a consumer would reasonably expect them to perform when the product was being used in a normal and expected manner.

62. As a direct and proximate result of one or more of these unreasonably dangerous and defective conditions, the risk of using the INSOLES outweighed the utility or usefulness of the product.

63. HONGXUN had a duty in designing, manufacturing, advertising, marketing and/or selling the INSOLES to make them reasonably safe for their intended and foreseeable uses, and to ascertain that the INSOLES were free from defects which would render them unsafe.

64. In a breach of its duty, HONGXUN designed, manufactured, advertised, marketed and/or sold the INSOLES in a defective, unsafe, and unreasonably dangerous condition.

65. HONGXUN is strictly liable for the injuries complained of herein by reason of having sold and placed into the stream of commerce the defective INSOLES, which were unreasonably dangerous to consumers.

66. As a direct and proximate result of one or more of the aforesaid wrongful acts and/or omissions of the Defendant HONGXUN, MARGARET BRANER suffered significant catastrophic injuries, including pain, suffering, loss of a normal life, disability and disfigurement, will in the future endure pain and suffering, has become disabled and

disfigured, has suffered the loss of the enjoyment of a normal life, has undergone and will undergo surgery, has been damaged in her capacity to earn a living and has incurred past and future medical expenses

WHEREFORE, Plaintiff MARGET BRANER, by and through her attorneys, SMITH LACIEN LLP, demands judgment against the Defendant HONGXUN in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00) which shall represent fair and just compensation.

## COUNT XII

(LOSS OF CONSORTIUM– HONGXUN– Strict Product Liability)

67. Plaintiffs hereby incorporate by reference Paragraphs 1-66 of Count XI as if fully set forth herein.

68. On or about November 11, 2023, and at all times material, JAMES BRANER was the spouse of MARGARET BRANER.

69. As a further proximate result of the foregoing, JAMES BRANER has suffered the loss of consortium of his spouse, MARGARET BRANER, including loss of support, society, services, companionship, happiness, and intimacy.

70. The damages sought in this cause of action exceed the jurisdictional limit of the Circuit Court of Cook County's Law Division. See Affidavit of Plaintiffs' counsel regarding damages sought in this action attached as Exhibit A.

WHEREFORE, the Plaintiff JAMES BRANER, by and through his attorney, SMITH LACIEN LLP, demands judgment against the Defendant, HONGXUN, in an amount in excess of the jurisdictional amount of FIFTY THOUSAND DOLLARS ($50,000.00) which shall represent fair and just compensation.

Respectfully submitted,

SMITH LACIEN LLP

By:     s/ Brian LaCien

     Attorney for Plaintiffs

Brian LaCien
Carla Colaianni
SMITH LACIEN LLP
70 W. Madison Street, Suite 2250
Chicago, IL  60602
blacien@smithlacien.com
ccolaianni@smithlacien.com
#64554

27

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, LAW DIVISION**

MARGARET BRANER and JAMES BRANER,

    Plaintiff,

          v.

AMAZON.COM, INC.; and HONGXUNLLC,

    Defendants.

No.

JURY DEMANDED

**AFFIDAVIT**

The Affiant, Brian LaCien, being duly sworn on oath states:

1. I am one of the attorneys for the plaintiffs in the above cause of action.

2. The money damages sought in this cause of action are in excess of $50,000.00.

FURTHER AFFIANT SAY NOT.

*s/* Brian LaCien

_____

Brian LaCien

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the

28

Hearing Date: No hearing scheduled
Location: <<CourtRoomNumber>>
Judge: Calendar, C

FILED
10/8/2025 11:58 AM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2025L012483
Calendar, C
34801200

| | | |
|---|---|---|
| **2120 - Served** | **2121 - Served** | **2620 - Sec. of State** |
| **2220 - Not Served** | **2221 - Not Served** | **2621 - Alias Sec of State** |
| **2320 - Served By Mail** | **2321 - Served By Mail** | |
| **2420 - Served By Publication** | **2421 - Served By Publication** | |
| **Summons - Alias Summons** | | **(03/15/21) CCG 0001 A** |

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Name all Parties

Margaret Braner

Plaintiff(s)

v.

Amazon.com, Inc., et al.

Case No.    2025 L 012483

Defendant(s)

Amazon.com
Registered Agent: IL Corp. Service Company
801 Adlai Stevenson Drive, Springfield, IL 62703

Address of Defendant(s)

Please serve as follows (check one):   ○ Certified Mail   ● Sheriff Service   ○ Alias

### SUMMONS

To each Defendant:

You have been named a defendant in the complaint in this case, a copy of which is hereto attached. You are summoned and required to file your appearance, in the office of the clerk of this court, within 30 days after service of this summons, not counting the day of service. If you fail to do so, a judgment by default may be entered against you for the relief asked in the complaint.

### THERE IS A FEE TO FILE YOUR APPEARANCE.

**FILING AN APPEARANCE**: **Your appearance date is NOT a court date.** It is the deadline for filing your appearance/answer. To file your appearance/answer **YOU DO NOT NEED TO COME TO THE COURTHOUSE, unless you are unable to eFile your appearance/ answer.** You can download an Appearance form at http://www.illinoiscourts.gov/Forms/ approved/procedures/appearance.asp. After completing and saving your Appearance form, you can electronically file (e-File) it with the circuit clerk's office.

**Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois**
**cookcountyclerkofcourt.org**
Page 1 of 3

**Summons - Alias Summons**                                                          **(03/15/21) CCG 0001 B**

**E-FILING:** E-filing is now mandatory with limited exemptions. To e-File, you must first create an account with an e-Filing service provider. Visit http://efile.illinoiscourts.gov/ service-providers.htm to learn more and to select a service provider.

If you need additional help or have trouble e-Filing, visit http://www.illinoiscourts.gov/faq/gethelp.asp or talk with your local circuit clerk's office. If you cannot e-file, you may be able to get an exemption that allows you to file in-person or by mail. Ask your circuit clerk for more information or visit www.illinoislegalaid.org.

**FEE WAIVER:** If you are unable to pay your court fees, you can apply for a fee waiver. For information about defending yourself in a court case (including filing an appearance or fee waiver), or to apply for free legal help, go to www.illinoislegalaid.org. You can also ask your local circuit clerk's office for a fee waiver application.

**COURT DATE:** Your court date will be sent to your e-File email account or the email address you provided to the clerk's office. You can also call or email the clerk's office to request your next court date. You will need to provide your case number OR, if unknown, the name of the Plaintiff or Defendant. For criminal case types, you will also need to provide the Defendant's birthdate.

**REMOTE APPEARANCE:** You may be able to attend this court date by phone or video conference. This is called a "Remote Appearance". Call the Circuit Clerk at (312) 603-5030 or visit their website at www. cookcountyclerkofcourt.org to find out how to do this.

Contact information for each of the Clerk's Office locations is included with this summons. The Clerk's office is open Mon - Fri, 8:30 am - 4:30 pm, except for court holidays.

To the officer: (Sheriff Service)

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than thirty (30) days after its date.

⊙ Atty. No.: 64554
○ Pro Se 99500

Name: Brian LaCien

Atty. for (if applicable):

Plaintiff

Address: 70 W. Madison St., Ste. 2250

City: Chicago

State: IL    Zip: 60602

Telephone: 312-509-8900

Primary Email: blacien@smithlacien.com

Witness date _____

10/8/2025 11:58 AM Mariyana T. Spyropoulos

Iris Y. Martinez, Clerk of Court

☐ Service by Certified Mail: _____

☐ Date of Service: _____
    (To be inserted by officer on copy left with employer or other person)

**GET YOUR COURT DATE BY CALLING IN OR BY EMAIL**

<u>**CALL OR SEND AN EMAIL MESSAGE**</u> to the telephone number or court date email address below for the appropriate division, district or department to request your next court date.  Email your case number, or, if you do not have your case number, email the Plaintiff or Defendant's name for civil case types, or the Defendant's name and birthdate for a criminal case.

### <u>CHANCERY DIVISION</u>

**Court date EMAIL:** ChanCourtDate@cookcountycourt.com
Gen. Info:    (312) 603-5133

### <u>CIVIL DIVISION</u>

**Court date EMAIL:**  CivCourtDate@cookcountycourt.com
Gen. Info:    (312) 603-5116

### <u>COUNTY DIVISION</u>

**Court date EMAIL:**  CntyCourtDate@cookcountycourt.com
Gen. Info:    (312) 603-5710

### <u>DOMESTIC RELATIONS/CHILD SUPPORT DIVISION</u>

**Court date EMAIL:**  DRCourtDate@cookcountycourt.com
                     OR
            ChildSupCourtDate@cookcountycourt.com
Gen. Info:    (312) 603-6300

### <u>DOMESTIC VIOLENCE</u>

**Court date EMAIL:**  DVCourtDate@cookcountycourt.com
Gen. Info:    (312) 325-9500

### <u>LAW DIVISION</u>

**Court date EMAIL:**  LawCourtDate@cookcountycourt.com
Gen. Info:    (312) 603-5426

### <u>PROBATE DIVISION</u>

**Court date EMAIL:**  ProbCourtDate@cookcountycourt.com
Gen. Info:    (312) 603-6441

### <u>ALL SUBURBAN CASE TYPES</u>

### <u>DISTRICT 2 - SKOKIE</u>

**Court date EMAIL:**  D2CourtDate@cookcountycourt.com
Gen. Info:    (847) 470-7250

### <u>DISTRICT 3 - ROLLING MEADOWS</u>

**Court date EMAIL:**  D3CourtDate@cookcountycourt.com
Gen. Info:    (847) 818-3000

### <u>DISTRICT 4 - MAYWOOD</u>

**Court date EMAIL:**  D4CourtDate@cookcountycourt.com
Gen. Info:    (708) 865-6040

### <u>DISTRICT 5 - BRIDGEVIEW</u>

**Court date EMAIL:**  D5CourtDate@cookcountycourt.com
Gen. Info:    (708) 974-6500

### <u>DISTRICT 6 - MARKHAM</u>

**Court date EMAIL:**  D6CourtDate@cookcountycourt.com
Gen. Info:    (708) 232-4551

Date: 10/29/2025

CIRCUIT COURT OF COOK COUNTY
LAW DIV. RM. 801,  DALEY CENTER.
CHICAGO IL-60602

Braner Margaret

-

ColaianniCarla A
carlacolaianni@yahoo.com

Notice of In Person Case Management

CASE: 2025L012483 / Margaret  Braner,James  Braner  -vs- Amazon.com, Inc. ,HongxunLLC

All Law Division Motion Calendar Initial Case Management dates will be held In Person,
In-Person Court Date: Tuesday  December  02  2025  09:30 AM
Room Court Room 2203 Calendar  C
For all questions on the initial CMC date,
email: LAW.CALCcc@cookcountyil.gov or phone: (312) 603-6062

Date: 10/29/2025

CIRCUIT COURT OF COOK COUNTY
LAW DIV. RM. 801,  DALEY CENTER.
CHICAGO IL-60602

Braner Margaret


-

ColaianniCarla A
carlacolaianni@yahoo.com

Notice of In Person Case Management

CASE: 2025L012483 / Margaret  Braner,James  Braner  -vs- Amazon.com, Inc. ,HongxunLLC

All Law Division Motion Calendar Initial Case Management dates will be held In Person,
In-Person Court Date: Tuesday  December  02  2025  09:30 AM
Room Court Room 2203 Calendar  C
For all questions on the initial CMC date,
email: LAW.CALCcc@cookcountyil.gov or phone: (312) 603-6062

Date: 10/29/2025

CIRCUIT COURT OF COOK COUNTY
LAW DIV. RM. 801,  DALEY CENTER.
CHICAGO IL-60602

Braner Margaret

-

ColaianniCarla A
carlacolaianni@yahoo.com

Notice of In Person Case Management

CASE: 2025L012483 / Margaret  Braner,James  Braner  -vs- Amazon.com, Inc. ,HongxunLLC

All Law Division Motion Calendar Initial Case Management dates will be held In Person,
In-Person Court Date: Tuesday  December  02  2025  09:30 AM
Room Court Room 2203 Calendar  C
For all questions on the initial CMC date,
email: LAW.CALCcc@cookcountyil.gov or phone: (312) 603-6062

Date: 10/30/2025

CIRCUIT COURT OF COOK COUNTY
LAW DIV. RM. 801, DALEY CENTER.
CHICAGO IL-60602

Braner  James

-

ColaianniCarla A
carlacolaianni@yahoo.com

Notice of In Person Case Management

CASE: 2025L012483 / Margaret  Braner,James  Braner  -vs- Amazon.com, Inc. ,HongxunLLC

All Law Division Motion Calendar Initial Case Management dates will be held In Person,
In-Person Court Date: Tuesday  December  02  2025  09:30 AM
Room Court Room 2203 Calendar  C
For all questions on the initial CMC date,
email: LAW.CALCcc@cookcountyil.gov or phone: (312) 603-6062

Date: 10/30/2025

CIRCUIT COURT OF COOK COUNTY
LAW DIV. RM. 801,  DALEY CENTER.
CHICAGO IL-60602

Braner  James

-

ColaianniCarla A
carlacolaianni@yahoo.com

Notice of In Person Case Management

CASE: 2025L012483 / Margaret  Braner,James  Braner  -vs- Amazon.com, Inc. ,HongxunLLC

All Law Division Motion Calendar Initial Case Management dates will be held In Person,
In-Person Court Date: Tuesday  December  02  2025  09:30 AM
Room Court Room 2203 Calendar  C
For all questions on the initial CMC date,
email: LAW.CALCcc@cookcountyil.gov or phone: (312) 603-6062

Date: 10/30/2025

CIRCUIT COURT OF COOK COUNTY
LAW DIV. RM. 801,  DALEY CENTER.
CHICAGO IL-60602

Braner  James

-

LaCienBrian
blacien@smithlacien.com

Notice of In Person Case Management

CASE: 2025L012483 / Margaret  Braner,James  Braner  -vs- Amazon.com, Inc. ,HongxunLLC

All Law Division Motion Calendar Initial Case Management dates will be held In Person,
In-Person Court Date: Tuesday  December  02  2025  09:30 AM
Room Court Room 2203 Calendar  C
For all questions on the initial CMC date,
email: LAW.CALCcc@cookcountyil.gov or phone: (312) 603-6062